**WO**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shields and Bess Shields, | No. CV-13-08074-PHX-DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| William G. Gardner III, | |
| Defendant. | |

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 7. Defendant alleges that Plaintiffs' claim of damages in excess of $75,000 is not made in good faith. *Id.* at 1. The court disagrees, and will deny the motion.

**I.     Background.**

Plaintiffs Richard and Bess Shields, and Defendant William Gardner, are co-owners of the mining claims Purple Passion I ("PPI") and Purple Passion II ("PPII"). Doc. 1, ¶ 1; Doc 7 at 4-5. Defendant owns a 50% interest in both mining claims, and Plaintiffs jointly own the other 50% in both claims. *Id.* Plaintiffs claim that an agreement existed between the two parties that all material from the mine would be divided equally. *Id.*, ¶ 2. Any revenue from material sold was also to be divided equally. *Id.*, ¶ 13. Alternatively, either party could, with the other's permission, buy material from the partnership for $1.00 per pound. *Id.* Defendant claims that the agreement stipulated that only material they extracted jointly would be divided equally, and that a

1    party solely owned any material it extracted independently.  Doc. 7 at 4-5.

2    In 2009, the parties agreed to a joint venture to extract approximately 160,000
3    pounds of material from PPI.  Doc. 1, ¶ 2.  The parties sold approximately 26,000 pounds
4    to a third party for $1.00 per pound.  *Id.* ¶ 16.  Plaintiffs purchased approximately four
5    tons of material from the partnership, also for $1.00 per pound.  *Id.* ¶ 19.  In March 2011,
6    Plaintiffs accepted an offer to buy their interest in PPI and the material extracted from the
7    joint venture for $30,000.  Doc. 7 at 7.  The sale did not materialize, and in March 2011,
8    Plaintiffs received an offer to buy their interest in both mines for $65,000.  Doc. 11 at 7.
9    Plaintiffs rejected the offer and counteroffered, asking for $130,000.  *Id.*

10   Plaintiffs allege that in August 2011, Defendant moved 29 tons of the jointly
11   owned material to an undisclosed location in Tucson, Arizona, without Plaintiffs'
12   permission, and without compensating them.  *Id.* ¶¶ 24-28.  Plaintiffs further allege that
13   Defendant continues to unilaterally extract material in violation of their agreement.  *Id.*
14   ¶ 29.  Plaintiffs filed suit alleging (1) conversion, (2) breach of contract, (3) breach of
15   implied covenant of good faith and fair dealing, (4) unjust enrichment, and (5) breach of
16   fiduciary duty. Doc. 1, ¶¶ 32-55.

17   **II.     Legal Standard.**

18   "The district courts shall have original jurisdiction of all civil actions where the
19   matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
20   costs, and is between citizens of different states."  28 U.S.C. § 1332(a)(1).  To determine
21   whether the jurisdictional amount is met, the sum alleged by Plaintiff controls if it is
22   alleged in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288
23   (1938).  "In deciding the question of good faith . . . 'it must appear to a legal certainty
24   that the claim is really for less than the jurisdictional amount to justify dismissal.'"
25   *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation omitted); *see also*
26   *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).  The legal
27   certainty standard applies to cases originally "brought in the federal court in which the
28   plaintiff has filed a good faith complaint alleging damages in excess of the required

1    jurisdictional minimum." *Sanchez*, 102 F.3d at 402.   The court must not attempt to

2    resolve factual issues that go to the merits of the case.  *See Augustine v. U.S.*, 704 F.2d

3    1074, 1077 (9th Cir. 1983).

4    **III.    Analysis.**

5        Defendant alleges that Plaintiffs' claim for damages in excess of $75,000 is not

6    made in good faith.  Doc. 7 at 1.   In support, Defendant argues (1) that the value of the

7    extracted material is $0.50 per pound, (2) that in 2011, Plaintiffs valued their interest in

8    PPI, plus all extracted material, at $30,000, (3) that the material extracted in the joint

9    venture is evenly distributed between the parties, and (4) that Plaintiffs have complete

10   access to all of the extracted material.  *Id.* at 6-7.   These claims do not establish to a legal

11   certainty that the amount in controversy is less than $75,000.

12            **A.    Value of the Extracted Material.**

13       Defendant claims that, based on the agreement between the parties, the extracted

14   material is worth $0.50 per pound.  Doc. 7 at 7.   At that price, even if Defendant did

15   possess 14.5 tons that belonged to Plaintiffs, the claim would amount to only $14,500.

16   Plaintiffs claim, however, that the material is worth between $3.00 and $6.00 per pound.

17   Doc. 11 at 6.   Plaintiffs have provided sales invoices showing that they have sold some

18   material for $5.00 per pound.  *Id.* at 7; *see also* Doc. 12-5.   At $3.00 per pound, the

19   amount in the conversion claim would be for $87,000.   Given these factual issues, the

20   Court cannot conclude to a legal certainty that the claim is worth less than $75,000.

21            **B.    Value of Plaintiffs' Interest in PPI and the Extracted Material.**

22       In March 2011, Plaintiffs agreed to sell their interest in PPI and the jointly

23   extracted material for $30,000.  Doc. 7 at 2.   Given this valuation, Defendant argues, the

24   legal claim cannot exceed $30,000.  *Id.* at 2-3.   Plaintiffs claim that much has changed

25   since the failed sale, and that in 2012 they rejected an offer of $65,000 for their interest in

26   both mines.  Doc. 12 ¶ 26.   Plaintiffs counteroffered for $130,000.  *Id.*   The evidence

27   does not create a legal certainty that the value of the claim is less than $75,000.

28

1

**C.      Distribution of Material and Access to Material in Tucson.**

2           Defendant claims that both parties possess approximately the same amount of the

3   jointly extracted material.  Doc. 7 at 6.  Additionally, Defendant claims that Plaintiffs

4   know where the material in Tucson is located and can elect to take possession of it.

5   Doc. 7 at 7.  These arguments do not address the amount of the claim directly.  They are

6   defenses that attempt to show that Defendant has not converted the material.  These are

7   questions of fact that go directly to the merits of the case and must be left to the trier of

8   fact.  *See Augustine*, 704 F.2d at 1077.  Neither argument establishes to a legal certainty

9   that the value of the claim is less than the jurisdictional minimum.

10          **IT IS ORDERED** that the motion to dismiss (Doc. 7) is **denied**.

11          Dated this 21st day of June, 2013.

12

13

14

15   _____
                    David G. Campbell
16                  United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28